UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARTANION EDWARDS
and JOSHUN EDWARDS,

       Petitioners,

v.

Case No. 10-13827
Honorable Patrick J. Duggan

PEOPLE OF THE STATE OF MICHIGAN,
LEEANN GASPER, MITCH BROWN,
KAREN HANSEN, MICHAEL ANGUS,
and DAVID LEYTON,

       Respondents.
_____/

**OPINION AND ORDER DISMISSING THE HABEAS CORPUS PETITION WITHOUT PREJUDICE AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS***

On September 24, 2010, Michigan prisoners Dartanion Edwards and Joshun Edwards ("Petitioners") filed a joint *pro se* habeas corpus petition challenging their Genesee County convictions.[1] Petitioners allege that they and two other co-defendants were charged with murder, assault with intent to commit murder, carrying a concealed weapon, and felony firearm. The charges arose from the death of Robert Person, III, in Flint, Michigan on October 9, 2007. Although the nature of Petitioners' actual convictions is not set forth in their pleading, they claim to be serving life sentences for a

---

[1] Petitioners cite to 28 U.S.C. §§ 1651 and 2284 in their petition. However, Congress has provided that in the context of a petitioner who is in state custody, relief is available only pursuant to 28 U.S.C. § 2254 for constitutional attacks on the imposition or the execution of a state conviction and/or a state sentence. *Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006).

crime that they did not commit. They assert that they would not be in prison if the results of DNA tests had not been overlooked.

"A federal court may not grant a writ of habeas corpus unless the applicant has exhausted all available remedies in state court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *see also* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). Therefore, a threshold question for this Court is whether Petitioners have exhausted state court remedies for their claims. *Wagner*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847, 119 S. Ct. at 1732-33. This means that a habeas petitioner must present his or her claims for relief to the state court of appeals and to the state supreme court. *Wagner*, 581 F.3d at 414 (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford,* 339 U.S. 200, 218-19, 70 S. Ct. 587, 597-98 (1950)).

Exhibits to the habeas petition indicate that Petitioners' criminal cases are pending before the Michigan Court of Appeals. Thus, they have not exhausted state remedies for their claims.

Accordingly,

**IT IS ORDERED**, that Petitioners' petition for a writ of habeas corpus is summarily **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED** because reasonable jurists would not "find it debatable . . . whether the Court's procedural ruling is correct." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000);

**IT IS FURTHER ORDERED**, that Petitioners may not proceed *in forma pauperis* on appeal because an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(4)(B).

DATE: October 25, 2010         s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:
Joshun Edwards, #265228
Michigan Reformatory
1342 W. Main Street
Ionia, MI 48846

Dartanion Edwards, #721231
Oaks Correctional Facility
1500 Caberfae Hwy.
Manistee, MI 49660